IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLADYS JUNE HAMMOND, | Case No.: 3:21-cv-01831-AN |
| Plaintiff, | |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | ORDER |
| Defendant. | |

Judgment was entered in this case on August 21, 2023 in plaintiff's favor.  Plaintiff now seeks a reward for $34,188 in attorney fees, $402 in costs, and $25.68 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Defendant opposes the requested reward amount.  For the following reasons, plaintiff's Application for Fees Pursuant to EAJA, ECF [26], is GRANTED, as modified.

Under 28 U.S.C. § 2412(d)(1)(A):

> "[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[1]

Fees and other expenses include "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

**A.      Reasonableness of Hourly Rate**

Attorney fees must be based on "prevailing market rates for the kind and quality of the services furnished," but may not exceed $125 per hour unless "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Id.*  Currently, the statutory maximum hourly rates for attorney fees awarded under 28 U.S.C. § 2412(d)(2)(A), after adjustment for cost-of-living, are: (1) $244.62 for work

---

[1] Defendant does not dispute that the United States' position was not substantially justified.

1

performed in 2023; (2) $234.95 for work performed in 2022; and (3) $217.54 for work performed in 2021. *Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. CTS. FOR THE NINTH CIR., https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Feb. 9, 2024).

Defendant argues that the fee award should be calculated based on the maximum statutory rates. However, plaintiff argues that an enhanced rate is appropriate based on special factors. First, she argues that her attorney had distinctive knowledge about Supplemental Security Income ("SSI") post-entitlement issues and specialized skills related to representing financially destitute people with severe mental illnesses. Second, she argues that legal representation from someone with the necessary skills and knowledge on these issues was not available at the statutory rate because lawyers who take on Social Security appeals usually focus on cases involving entitlement to Title II benefits, not post-entitlement.

The Ninth Circuit has articulated a three-part test for determining when an enhanced hourly rate, beyond the cost-of-living adjustment, is appropriate: (1) "the attorney must possess distinctive knowledge and skills developed through a practice specialty"; (2) "those distinctive skills must be needed in the litigation"; and (3) "those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).

*Pirus v. Bowen* provides a helpful outline for when a social security lawyer's distinctive knowledge or special skills warrant an enhanced hourly rate. 869 F.2d 536 (9th Cir. 1989). In that case, the Ninth Circuit affirmed the district court's decision to award fees under the EAJA to the plaintiff's attorneys at an enhanced statutory rate based on their distinctive knowledge and skills that were necessary to the case. *Id.* at 542. The Ninth Circuit agreed that the attorneys had developed a practice specialty in social security law because they had " litigated various class actions challenging provisions of the Act, they had extensive knowledge of the Act, its legislative history, and the development of the Social Security Administration's regulations." *Id.* at 541. Further, the Ninth Circuit agreed that the attorneys' special expertise was necessary to the litigation because the litigation involved a "highly complex area of the Social Security Act" that the attorneys were familiar with, in part because they had recently litigated a similar case all the way to the U.S. Supreme Court. *Id.* at 541-42.

Based on *Pirus*, it appears clear that distinctive knowledge and special skills may be developed through a practice specialty in social security law. However, in this case, the problem with plaintiff's arguments is that they are fairly conclusory. Plaintiff's attorney graduated from law school in 2015 and states that "[b]etween 2015-18, [he] worked for Legal Aid Services of Oregon . . . , where [he] handled family and administrative law cases. Pl.'s App. for Fees Under EAJA, ECF [26], Ex. 1 ("Lunn Decl."), ¶ 2. Since joining OLC in 2018, [he] primarily handle[s] administrative law and housing cases." *Id.* This description says little of plaintiff's attorney's experience with social security cases—administrative law encompasses a wide myriad of legal fields, not just social security. Additionally, plaintiff argues that her attorney has "distinctive knowledge about [SSI] post-entitlement issues" and that plaintiff's issues "were familiar to Plaintiff's counsel." Pl.'s Reply in Support of App. ("Pl.'s Reply"), ECF [28], at 1-2. Again, this assertion is conclusory, and somewhat contradicted by plaintiff's attorney's prior statement, "I have experience with administrative contested case hearings and litigation *in state circuit court*." Lunn Decl. ¶ 2 (emphasis added). Unlike the attorneys in *Pirus*, plaintiff's attorney provides no explanation as to how he obtained distinctive knowledge on these issues, such as identifying the number of post-entitlement cases he has worked on, how long he has worked on social security appeal cases generally, etc. Plaintiff's attorney is more akin to the attorney in *Animal Lovers Volunteer Association, Inc. v. Carlucci*, who "recite[d] a broad range of experience in appellate practice, but identifie[d] no environmental cases he ha[d] presented on appeal." 867 F.2d 1224, 1226 (9th Cir. 1989).

Nor is the Court persuaded that "representing financially destitute people with severe mental illness" is a special skill warranting an enhanced rate. *Id.* at 2. Special factors favoring an enhanced fee award may not be "of broad and general application." *Pierce v. Underwood*, 487 U.S. 552, 571 (1988). That is, factors reflecting only an "extraordinary level of the general lawyerly knowledge and ability useful in all litigation" do not constitute special skills. *Id.* at 572. Though plaintiff maintains that her attorney "cultivated a productive lawyer-client relationship" because he had experience working with similarly situated individuals, empathizing with a client's circumstances to create a productive lawyer-client relationship is a useful ability in all litigation, not just in social security appeals. Pl.'s Reply 2.

3

On the record presently before the Court, plaintiff has not established that her attorney possessed distinctive knowledge or special skills that would warrant an hourly rate enhancement greater than the cost-of-living adjustment. Therefore, plaintiff's attorney fees award will be calculated at an hourly rate of $244.62 for work performed in 2023, $234.95 for work performed in 2022, and $217.54 for work performed in 2021.

**B.      Reasonableness of Hours Billed**

Defendant also argues that the number of hours billed for drafting the complaint and the opening brief are unreasonable. Plaintiff's application denotes 13.9 hours billed for drafting the complaint, and 48 hours billed for drafting the opening brief. Defendant argues that these hours should be reduced to 2 hours and 24 hours respectively.

Generally, courts should defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). However, fee request hours that are "'excessive, redundant, or otherwise unnecessary'" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Case-specific factors such as "the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained" guide the reasonableness inquiry. *Id.* at 1136. Additionally, the "degree of success attained" plays a critical role in evaluating the reasonableness of an EAJA fee request. *Id.*

As an initial matter, reductions are necessary for hours spent on clerical tasks, as these are not compensable attorney time under the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting that purely clerical tasks are not compensable as attorney time). The following entries are struck from the attorney fees award:

| Time | Date | Activity Code | Activity Details |
|------|------|---------------|------------------|
| 1 | 1/07/2022 | Case Related Phone Call/Email | Serving complaint |
| 1 | 03/08/2022 | Draft Pleading | Filing proof of service |

Effectuating service is a clerical task not compensable under the EAJA. *See Horton v. Comm'r Soc. Sec. Admin*, No. 1:12-cv-00612-MA, 2013 WL 3146827, at *2 (D. Or. June 18, 2013) (striking time entry for preparing and filing service packets from EAJA attorney fees award); *see also Neil v. Comm'r of Soc. Sec.*, 495 Fed. App'x 845, 847 (9th Cir. 2012) (unpublished) (affirming district court denial of attorney fees for purely clerical tasks "such as filing documents and preparing and serving summons").

Further, the following entries are each reduced by 0.3 because they represent a mixture of compensable and non-compensable services that the Court cannot accurately separate due to block billing:

| Time | Date | Activity Code | Activity Details |
|------|------|---------------|------------------|
| 3 | 12/17/2021 | Draft Pleading | Finalizing and filing complaint |
| 0.5 | 10/17/2022 | Draft Pleading | Drafting and e-filing motion to extend time to submit brief |
| 5 | 12/27/2022 | Draft Pleading | Finalizing and e-filing opening brief |
| 5 | 4/11/2023 | Draft Pleading | Drafting and e-filing reply brief |

   1.    *Hours Billed for Drafting the Complaint*

Defendant argues that the 13.9 hours that plaintiff's attorney billed for drafting the complaint are unreasonable for a nine-page complaint, particularly when a template Social Security Complaint form is available on the district court's website, and because social security complaints have minimal requirements under Rule 2 of the Supplemental Rules for Social Security Actions. However, plaintiff argues that the billed hours are reasonable because the template complaint had inadequate space to explain plaintiff's four claims and did not list plaintiff's requested relief as an option. Further, plaintiff argues that it is not unreasonable to plead claims with more particularity than what is minimally required.

With the clerical reduction already in place, 13.6 hours were billed for drafting the complaint. Plaintiff's case involved four issues related to SSI post-entitlement. The Court finds that her legal issues involved an above-average complexity. However, the record in this case is 434 pages, which is lower than the average range for a social security administrative record length in this district. *See Kenneth A. v. Berryhill*, No. 3:17-cv-01575-JR, 2019 WL 377613, at *5 (D. Or. Jan. 30, 2019) (identifying average

administrative record length in District of Oregon social security cases as between 463-605 pages).  Nor is the procedural history of this case particularly complex: (1) The Social Security Administration ("SSA") found that plaintiff was no longer eligible for benefits in June 2018; (2) plaintiff filed a request for reconsideration, and the SSA  affirmed its determination in December 2018; (3) plaintiff had two hearings before an Administrative Law Judge ("ALJ") in November 2019; (4) the ALJ issued his decision in December 2019, and plaintiff sought review by the Appeals Council; and (5) plaintiff brought her appeal before this Court.  Additionally, plaintiff's attorney has represented her since the ALJ hearings, and many of the sixty-two enumerated allegations in the complaint are single-sentence facts that would have already been known to plaintiff's attorney.

On balance, given the relatively simple procedural history, the below-average length of the record, and plaintiff's counsel's history with this case, 13.6 hours is an excessive and unnecessary amount of time for drafting the complaint.  However, the Court agrees that it is not unreasonable for plaintiff's counsel to plead claims with more particularity than is required or to elect not to use the template complaint form.  Further, plaintiff prevailed on all her claims.  Therefore, the 13.6 hours for drafting the complaint are reduced by fifteen percent, leaving 11.56 hours compensable for drafting the complaint.

2.    *Hours Billed for Drafting the Opening Brief*

Defendant argues that the 48 hours that plaintiff's attorney billed for drafting the opening brief is unreasonable because plaintiff's counsel has represented plaintiff at multiple stages of her appeal and has drafted numerous memoranda throughout those stages that raise the same factual and legal issues outlined in plaintiff's opening brief.  However, plaintiff argues that the billed time is reasonable because, although the earlier memoranda are similar to the opening brief, plaintiff's counsel was trying to raise plaintiff's claims in a more compelling and persuasive way at each appeal stage.  Plaintiff then identifies nine ways that the opening brief differs from the prior memoranda, including: (1) references to the transcript; (2) references to caselaw to support claims; (3) statement of the legal standard; (4) references to statutes to support claims; (5) references to 42 U.S.C. § 1382b(c)(1)(C)(iii)(I) for the claim plaintiff intended to dispose of resources at fair market value as a distinct exception to disqualification; (6) reframes

gifts to family members as intending to express love as exception to disqualification; (7) raises argument that informal loans considered by ALJ would not count as a resource; (8) elaboration of argument in favor of reversal; and (9) elaboration of request for reinstatement and supporting declarations. Plaintiff also argues that the case was more complex because there is less caselaw on post-entitlement social security appeals, and because defendant would not reinstate plaintiff's SSI benefits while the appeal was pending.

With the reduction for clerical tasks in place, 47.7 hours were billed for drafting the opening brief. As already stated, plaintiff's case involved legal issues with an above-average complexity. The Court does not find it unreasonable for plaintiff's counsel to spend time reframing plaintiff's issues in a more compelling way. However, the differences between the opening brief and the prior memoranda that plaintiff identifies do not convince the Court that 48 hours was a reasonable amount of time to bill for preparing the opening brief. To be sure, transcript references are onerous—however, plaintiff's attorney was well-versed in the materials within the record and, as noted, the record in this case was below-average length. The opening brief appears to cite only six cases, one of which was cited in plaintiff's request for review to the Appeals Council. The legal standard section, new gifts argument, and new informal loan argument are each a single paragraph, taking up, at most, half of a page.

The Court is unaware of any case in this district where forty-eight hours for drafting an opening brief in a social security appeal has been acknowledged as reasonable, nor does plaintiff provide such an example. Indeed, shorter times have been reduced by courts in this district. *See, e.g.*, *Brandt v. Astrue*, No. 08-0658-TC, 2009 WL 1727472, at *6 (D. Or. June 16, 2009) (reducing attorney's 20.25 hours billed for drafting opening brief by 20 percent based on attorney's experience); *Elston v. Comm'r Soc. Sec. Admin.*, No. 6:12-cv-01811-MA, 2014 WL 6675787, at *3 (D. or. Fe. 20, 2014) (reducing attorney's 40.94 hours billed for drafting opening brief by twenty-five percent based on number of pages in brief with frivolous arguments). *But see Kenneth A.*, 2019 WL 377613, at *5 (maintaining attorney's 30.8 hours billed for drafting 35-page opening brief where plaintiff prevailed on all arguments).

However, the results obtained are an important consideration when determining the reasonableness of fees and here, plaintiff obtained the highest degree of success by prevailing on all three

issues and obtaining a remand and reinstatement of benefits.  Further, the Court acknowledges its prior assessment that plaintiff's attorney has not demonstrated that he is well-versed in this field, and plaintiff's attorney's acknowledgement that he is less experienced in federal court practice, making it more reasonable that drafting the opening brief would take longer.  Thus, the Court reduces the hours billed for drafting the opening brief by fifteen percent.  This reduces the billed hours for drafting the opening brief to 40.55 hours.

In sum, 3.2 hours were deducted for primarily clerical tasks, 2.04 hours were reduced for drafting the complaint, and 7.16 hours were reduced for drafting the opening brief, making a total award of 64.6 hours.  Hours will be paid at the statutory maximum rate of (1) $244.62 per hour for work performed in 2023; (2) $234.95 per hour for work performed in 2022; and (3) $217.54 for work performed in 2021.  11.5 hours were billed in 2023, 41.55 hours were billed in 2022, and 11.56 hours were billed in 2021.  Thus, plaintiff is awarded $2,813.13 for work performed in 2023, $9,762.17 for work performed in 2022, and $2,514.76 for work performed in 2021.

## CONCLUSION

Accordingly, plaintiff's Application for Fees Pursuant to EAJA, ECF [26], is GRANTED.  Plaintiff is awarded attorney fees under the EAJA in the amount of $15,090.06, expenses in the amount of $25.68, and costs in the amount of $402.

IT IS SO ORDERED.

DATED this 9  day of February , 2024.

_____
Adrienne Nelson
United States District Judge